■ In the Matter of the Claim of ADELE TOTTERMAN, Respondent, v. JAY COMPANY NOTIONS AND NOVELTIES, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which affirmed an award to the claimant for continuing causally related disability subsequent to May 7, 1963. It is established that the claimant suffered " a causally related occupational contact dermatitis due to the splashing of dye on her legs ". The appellants do not question the propriety of an award for total disability for the period of time the claimant was hospitalized for this condition. The appellants contend that there is no evidence in the record to show that the condition of the claimant prevented her from returning to work. Dr. Orris testified that the claimant should not work where she would be exposed to the dye which caused the dermatitis and the claimant testified that she had been unable to find any other type of work. The record establishes that the claimant was still afflicted with the condition at the time of the award. The appellants correctly note, however, that there has been no evidence as to the extent and degree of disability and that the board's finding of 66⅔% causally related disability has no basis in the

record. It appears that the claimant suffers a continuing medical disability and that she is unable to return to her former work because of this disability. Subdivision 5-a of section 15 of the Workmen's Compensation Law provides that the board may fix such wage earning capacity as shall be reasonable. In the present case the board has affirmed the Referee's finding that the claimant had a one-third earning capacity, but there is nothing in the record to indicate what such capacity is in fact and the board gave no basis for such determination. Accordingly, the matter must be remitted for such further proceedings as the board may deem necessary and for specific findings as to the earning capacity. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and case remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.